**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LINDA ARMSTRONG,

        Plaintiff,

vs.                                   Case No. 3:01-cv-1411-J-32HTS

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____

**ORDER ON PETITION FOR ATTORNEY'S FEES**

This case is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 28); plaintiff supplemented the petition at the Court's request (Doc. 30).

Plaintiff's counsel, who obtained a sentence four remand/reversal of denial of benefits for his client in this social security appeal (see Doc. 23, Final Order reversing and remanding case to Commissioner), received an award of EAJA fees in the amount of $3,182.04 for his 22.75 hours of work in federal court on this case. See Doc. 26 (Order on Petition for Award of Attorney's Fees). Upon remand, the Commissioner issued a decision favorable to plaintiff and awarded plaintiff past due social security disability insurance benefits, sending her a check for past benefits in the amount of $77,937.75. Pursuant to 42 U.S.C. § 406(b), the Commissioner set aside in escrow an additional $25,682.25 owed to plaintiff for possible payment of attorney's fees. This amount is approximately 25% of plaintiff's total past due

benefits award.[1]  Plaintiff's counsel has received an Authorization to Charge and Collect attorney's fees under 42 U.S.C. § 406(a) for administrative work in the amount of $2,587.50 and as noted above, plaintiff's counsel received from the Commissioner $3,182.04 in EAJA fees for his work in the federal case.  Plaintiff's counsel now seeks the remaining $19,912.70 set aside by the Commissioner for the possible payment of attorney fees.  The Commissioner does not object to the amount of this fee.

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002) (citations omitted).  "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.  The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Court recognized as the most common fee arrangement in social security cases. Id. at 800.  In fact, the Supreme Court counsels that the parties' fee

---

[1] The Social Security Administration documentation does not state the amount of back benefits due but it does state that plaintiff is being sent a check for $77,937.75 and that an additional $25,682.25 is being set aside for possible payment of attorney's fees. See Doc. 28 at 19-20.  Presumably, plaintiff's back benefits award is the sum of these two, or $103,620.00.  However, the amount withheld for fees, $25,682.25, is slightly less than 25% of $103,620.00 (which is $25,905.00).  Because the sum plaintiff's counsel seeks is not more than 25% of the amount the Court calculates as being the past benefit award, the Court finds no reason to attempt to further reconcile these numbers.

agreement is the first place the Court should turn in assessing the reasonableness of a fee. Id. at 808. Other key considerations include the character of the representation and the results the representation achieved. Id. For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. Id.

In this case, plaintiff's counsel has submitted a copy of the fee agreement entered into by plaintiff and her counsel. See Doc. 28 at 6-7. This signed agreement provides, among other things, that if the claim is awarded following an appeal, the plaintiff agrees to pay a fee of 25% of her past due benefits. The presiding Administrative Law Judge (ALJ) reviewed and approved the contingency fee agreement between plaintiff and her counsel, finding that the agreement met the statutory conditions for approval. See Doc. 28 at 12. Thus, the Court finds the parties' contingency-fee agreement is presumptively reasonable.

The Court next considers whether the character and quality of plaintiff's counsel's representation of her in this case creates any basis for a reduction. Plaintiff's counsel's practice is strictly devoted to representing individuals before the Social Security Administration and on related federal court appeals and he occasionally provides services to other attorneys as a Social Security "expert." Based on plaintiff's counsel's many years of practice in this Court, the undersigned is very familiar with the skilled, professional representation his clients receive. Here, plaintiff's counsel took on plaintiff's case in December 2001 at a point where it had already been through over six years of unsuccessful review within four different levels of the Social Security Administration. Plaintiff alleged she suffered from fibromyalgia, chronic fatigue, headaches, diabetes, upper extremity pain and

numbness, polyneuropathy and diabetic retinopathy, types of impairments which are often difficult to corroborate by objective testing or other medical evidence. Moreover, by the time plaintiff's counsel began his representation, plaintiff's insured status had expired more than six years earlier, thus making the case all the more difficult to prove due to the near irrelevance of any medical evidence postdating her 1995 date last insured. Plaintiff's counsel filed the complaint in federal court within three days of his initial meeting with plaintiff and file review. Plaintiff's counsel sought and was granted one thirty-day extension of time during the briefing because his firm had dissolved and he was relocating his office.

Once the case was fully briefed, the Court heard oral argument and on October 31, 2002, less than one year after the filing of the federal complaint, the Court entered a Final Order remanding the case to the Commissioner for re-evaluation, based on what the Court acknowledged was a "fairly technical ruling" required by the ALJ's failure to fully follow Social Security regulations in articulating his findings. See Order, Doc. 23, attached Findings at 10. Once the case was returned to the Commissioner, plaintiff's counsel developed and updated the file, represented plaintiff at an administrative hearing, and prepared a decision for the ALJ, which ultimately resulted in a fully favorable outcome, awarding plaintiff back due benefits of over $100,000.00 and finding her to be entitled to nearly $900 in monthly benefits going forward.

The Court has no doubt on this record that plaintiff's counsel obtained a significantly successful result for his client. The Court also finds that counsel promptly prosecuted this case, creating no undue delay. While the total amount of time counsel spent on this case (40 hours) is not particularly high compared to the amount of fee he seeks to recover

4

($25,682.25, of which $5,769.55 has already been paid), based on the contingency contract to which plaintiff agreed, the results obtained in a difficult case, and with no objection from the Commissioner, the Court finds the fee to be reasonable under the circumstances of this case.[2]  Accordingly, it is hereby

**ORDERED**:

Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 28) is **GRANTED**.  The Court finds that a reasonable *additional* attorney's fee for plaintiff's counsel, Erik W. Berger, for representation of plaintiff in this case is **$19,912.70**. **The Commissioner shall now pay Erik W. Berger, the sum of $19,912.70 from the past-due benefits being held in escrow in this case.**  The Commissioner shall refund the remainder of the escrowed past-due benefits to plaintiff.  The Clerk shall enter Judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of May, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Erik W. Berger, Esq.
Susan Roark Waldron, Esq. (AUSA-Tampa)

---

[2]The Court finds the circumstances of this case to be quite unique and cautions that this fee award is not likely to be appropriate precedent to be cited in other cases.

5